IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LARRY BROWN** | : | **CIVIL ACTION** |
| | : | |
| vs. | : | |
| | : | |
| **JOHN PALAKOVICH; THE DISTRICT ATTORNEY OF THE COUNTY OF PHILADELPHIA; and, THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA** | : : : : : : | **NO. 07-3308** |

## ORDER AND MEMORANDUM

### O R D E R

**AND NOW**, this 13th day of August, 2008, upon careful and independent consideration of the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, and after review of the Corrected Report and Recommendation of United States Magistrate Judge Linda K. Caracappa dated May 22, 2008,[1] and Petitioner's Objections to Corrected Report and Recommendation Filed by United States Magistrate Judge Linda K. Caracappa, for the reasons set forth in the attached Memorandum, **IT IS ORDERED** as follows:

   1.   The Corrected Report and Recommendation of United States Magistrate Judge Linda K. Caracappa dated May 22, 2008, as modified by the attached Memorandum, is **APPROVED** and **ADOPTED IN PART** and **REJECTED IN PART**, as follows:

   a.   Those parts of the Corrected Report and Recommendation dated May 22, 2008 relating to petitioner's claims that 1) his guilty plea was unknowingly

---

[1] United States Magistrate Judge Linda K. Caracappa initially issued a Report and Recommendation on January 15, 2008. By Order dated May 22, 2008, the Magistrate Judge vacated that Report and Recommendation in order to correct errors in the document and issued a Corrected Report and Recommendation.

and involuntarily entered as a result of trial counsel's alleged coercion; 2) the evidence was insufficient to prove third degree murder; 3) trial counsel was ineffective; and 4) appellate counsel was ineffective, are **APPROVED** and **ADOPTED**, and those claims are **DISMISSED WITH PREJUDICE** as time-barred;

    b.    That part of the proposed Order appended to the Corrected Report and Recommendation dated May 22, 2008 applicable to petitioner's claim that prison officials have obstructed his right of access to the courts through the lack of an adequate law library or legal assistance programs is **REJECTED**, and that claim is **DISMISSED WITHOUT PREJUDICE** to petitioner's right to seek relief under 42 U.S.C. § 1983, unless such relief is time-barred by the applicable statute of limitations;

2.    Petitioner's Objections to Corrected Report and Recommendation Filed by United States Magistrate Judge Linda K. Caracappa are **OVERRULED** for the reasons set forth in the Corrected Report and Recommendation and the attached Memorandum; and,

3.    A certificate of appealability will not issue for the claims which the Court dismisses with prejudice because reasonable jurists would not debate this Court's procedural ruling with respect to those claims. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

## MEMORANDUM

### I. INTRODUCTION

The Court approves and adopts in part and rejects in part the Corrected Report and Recommendation of United States Magistrate Judge Linda K. Caracappa dated May 22, 2008.

The Magistrate Judge recommended denial of the habeas corpus petition with prejudice as untimely. The Court agrees with what is set forth in the Corrected Report and Recommendation on the issue of untimeliness with respect to petitioner's claims challenging his conviction and sentence. The Court rejects that part of the proposed Order appended to the Magistrate Judge's Corrected Report and Recommendation applicable to petitioner's claim that prison officials have obstructed his right of access to the courts through the lack of an adequate law library or legal assistance programs, and dismisses that claim without prejudice to petitioner's right to seek relief under 42 U.S.C. § 1983, unless such relief is time-barred by the applicable statute of limitations.

In this Memorandum, the Court explains the basis of its ruling as to why petitioner is not entitled to equitable tolling of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2241, et seq., statute of limitations. The Court also explains the basis for its dismissal without prejudice of petitioner's claim that prison officials have obstructed his right of access to the courts.

## II.   BACKGROUND

On April 29, 1999, petitioner pled guilty to murder. A degree of guilt hearing was held on that date before the Honorable James J. Fitzgerald, III of the Court of Common Pleas of Philadelphia County. Petitioner was found guilty of third degree murder, possessing an instrument of crime, violations of the uniform firearms act, and recklessly endangering another person. On July 14, 1999, petitioner was sentenced to a term of sixteen to thirty-two years imprisonment.

Petitioner filed a direct appeal to the Pennsylvania Superior Court, which affirmed his conviction and sentence on July 23, 2001. Petitioner then had thirty days to file a petition for

allowance of appeal in the Pennsylvania Supreme Court.  Petitioner did not file such an appeal.  Accordingly, direct review of his conviction concluded on August 22, 2001.

On September 27, 2002, petitioner filed a petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541, et seq.  An attorney appointed to represent petitioner filed a "no merit" letter in accordance with Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988) (en banc).  On August 5, 2003, the PCRA court dismissed the petition as time-barred.  That ruling was affirmed by the Pennsylvania Superior Court on January 21, 2005.  The Pennsylvania Supreme Court denied petitioner's request for allocatur on July 20, 2005.

On August 11, 2005, and June 2, 2006, petitioner, proceeding *pro se*, filed petitions for habeas corpus relief pursuant to 28 U.S.C. § 2254 in this Court.  Both petitions asserted claims for violations of petitioner's constitutional rights by denial of access to the courts as a result of an inadequate law library and failure to provide paralegal assistance at the institution at which petitioner was incarcerated, SCI-Huntington.  By Orders dated September 1, 2005, and June 9, 2006, the Court dismissed both petitions without prejudice to petitioner's right to seek relief under 42 U.S.C. § 1983 on the ground that § 1983, and not the habeas corpus statute, was the proper vehicle for petitioner's claims.  By Order dated November 1, 2006, the Court also denied without prejudice petitioner's "Motion for Relief from Order" seeking review of the Court's Order dated September 1, 2005.

On August 5, 2007, petitioner filed the instant § 2254 habeas petition asserting five claims: 1) petitioner's guilty plea was unknowingly and involuntarily entered as a result of trial counsel's alleged coercion; 2) insufficiency of the evidence to prove third degree murder; 3) ineffective assistance of trial counsel; 4) ineffective assistance of appellate counsel; and

5) prison officials have obstructed petitioner's right of access to the courts through the lack of an adequate law library or legal assistance programs.

The Magistrate Judge recommended that the petition be denied as untimely. The Magistrate Judge's recommendation was based on her conclusion that the AEDPA one-year statute of limitations, 28 U.S.C. § 2244(d), began to run on August 22, 2001, and that it expired on August 22, 2002, nearly five years before the instant petition was filed. In reaching this conclusion, the Magistrate Judge determined that the AEDPA limitations period was not tolled during the time that petitioner's PCRA petition was pending in state court because the PCRA petition was not timely filed. See Merritt v. Blaine, 326 F.3d 157, 165-66 (3d Cir. 2003)) (noting that an untimely PCRA petition is not "properly filed" for purposes of tolling AEDPA statute of limitations). The Magistrate Judge also concluded that petitioner was not entitled to equitable tolling because he "has failed to argue that any valid circumstances exist to equitably tool the statute of limitations." (Corrected Rep't & Rec. 5.)

On July 16, 2008, petitioner filed Objections to Corrected Report and Recommendation Filed by United States Magistrate Judge Linda K. Caracappa. In the Objections, petitioner argues that the Magistrate Judge erred in recommending that his petition be denied as untimely.

### III. PETITIONER'S OBJECTION THAT HE IS ENTITLED TO EQUITABLE TOLLING OF THE AEDPA STATUTE OF LIMITATIONS

Petitioner argues in his Objections that he is entitled to equitable tolling of the AEDPA limitations period. In support of his position, petitioner argues that: 1) he is proceeding *pro se* despite being "burdened with a below eighth grade reading level" and a "mental disability" (Objections 2); 2) he was "abandoned" by counsel on direct appeal, resulting in his failure to file


a direct appeal to the Pennsylvania Supreme Court or a timely PCRA petition (id.); 3) prison officials refused to allow adequate library access or assistance from other inmates "until creating an inmate paralegal position sometime in 2004" (id.); and 4) he twice attempted to file petitions in this Court, which were dismissed because of the Court's misunderstanding of the "remedies he was actually seeking" (id. at 3). The Court will address each of petitioner's arguments in turn.

The statute of limitations under AEDPA is subject to equitable tolling. Miller v. New Jersey State Dep't of Corr., 145 F.3d 616, 618 (3d Cir. 1998). The Third Circuit has set forth three circumstances permitting equitable tolling: (1) the defendant actively misled the plaintiff; (2) the plaintiff was in some extraordinary way prevented from asserting his rights; or (3) the plaintiff timely asserted his rights, but mistakenly did so in the wrong forum. Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999). "Moreover, to be entitled to equitable tolling, the petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (citations, quotation marks and brackets omitted).

Petitioner's first argument is that he is entitled to equitable tolling because he is "burdened with a below eighth grade reading level" and a "mental disability." This Court has held that a *pro se* petitioner's lack of education, without more, is not a basis for equitable tolling. See Lopez v. Rozum, No. 04-5908, 2005 WL 1322515, *1-2 (E.D. Pa. June 1, 2005); see also Thomas v. Carroll, No. 02-240, 2002 WL 1858778, *3 (D. Del. July 30, 2002) (citing Delaney v. Matesanz, 264 F.3d 7, 15 (1st Cir. 2001); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000); United States v. Cicero, 214 F.3d 199, 203 (D.C. Cir. 2000); Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000)) ("[A]n incarcerated *pro se* petitioner's lack of education or legal

knowledge does not constitute an extraordinary circumstance warranting equitable tolling of the one-year period of limitation.")  As in Lopez, the Court concludes that petitioner's "bare allegations regarding his [below eighth grade reading level] do[] not establish that he has in some extraordinary way been prevented from asserting his rights."  2005 WL 1322515, at *2.

Petitioner also contends that a "mental disability" prevented him from timely filing his petition.  The Third Circuit has held that a habeas petitioner's mental incompetence may warrant equitable tolling only if the incompetence "somehow affected the petitioner's ability to file a timely habeas petition."  Nara v. Frank, 264 F.3d 310, 320 (3d Cir. 2001).  Mental incompetence "is not a *per se* reason to toll a statute of limitations."  Id.

Petitioner does not allege that he is mentally incompetent nor does he specify the nature of his "mental disability" and what limitations it imposes on his ability to pursue post-conviction remedies.  There is no evidence in the record presented to this Court or to the magistrate judge suggesting that petitioner is currently suffering, or has at any time since his conviction became final suffered, from mental incompetency preventing him from assisting in his own defense.  To the contrary, petitioner has filed three *pro se* habeas petitions in this Court and a *pro se* state PCRA petition.  Because the Court finds no evidence in the record suggesting that mental incompetency prevented petitioner from seeking federal habeas relief within the one-year period of limitation, it will not equitably toll the statute of limitations.

Petitioner next argues that he is entitled to equitable tolling because of inadequate representation on direct appeal.  That position has been rejected by the Third Circuit, which held in Fahy v. Horn that "[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for

7

equitable tolling." 240 F.3d 239, 244 (3d Cir. 2001) (citing cases).  Accordingly, the Court will not apply equitable tolling on the basis of errors by appellate counsel.

Petitioner also contends that prison officials did not afford adequate access to legal materials or allow fellow inmates to provide legal assistance until "sometime in 2004."  Even assuming arguendo that the alleged conduct by prison officials "in some extraordinary way prevented [petitioner] from asserting his" rights, petitioner alleges that the conditions impeding timely filing were alleviated in 2004 with the creation of a paralegal position.  Even on petitioner's version of the facts, he had at least two years between when the prison provided access to legal assistance and the filing of the instant petition on August 5, 2007.  Thus, the petition would still be untimely even if the AEDPA statute of limitations was tolled until "sometime in 2004."

Petitioner's final argument is that he is entitled to equitable tolling because this Court misunderstood the nature of the relief he sought in the petitions he filed on August 11, 2005, and June 2, 2006.  The Court rejects this argument for two reasons.  First, the claims petitioner raised in his earlier petitions did not challenge the constitutionality of his conviction or sentence.  Accordingly, they were not claims for habeas corpus relief and the Court's rulings were correct on the merits.  Second, petitioner filed his first petition on August 11, 2005, nearly three years after the AEDPA statute of limitations expired.  Even if the Court had construed that petition as one for habeas corpus relief, petitioner's claims would have been time-barred.  Thus, the Court concludes that equitable tolling is inapplicable.

## IV. PETITIONER'S CLAIM THAT PRISON OFFICIALS HAVE OBSTRUCTED HIS RIGHT OF ACCESS TO THE COURTS THROUGH THE LACK OF AN ADEQUATE LAW LIBRARY OR LEGAL ASSISTANCE PROGRAMS

Petitioner asserts a claim against prison officials for obstructing his right of access to the courts through the lack of an adequate law library or legal assistance programs. The Magistrate Judge's proposed Order recommends denying this claim with prejudice as time-barred. However, as noted in the Court's Orders dated September 1, 2005, June 9, 2006, and November 1, 2006, a claim against prison officials alleging denial of access to legal materials is not properly raised in a habeas corpus petition.

The Court does not know whether petitioner has asserted a § 1983 claim against prison officials for obstructing his right of access to the courts through the lack of an adequate law library or legal assistance programs. If he has not yet done so and, as alleged in the petition, such conduct on the part of prison officials stopped in 2004, any such claim is barred by the applicable two-year statute of limitations for § 1983 claims. See Bougher v. Univ. of Pittsburgh, 882 F.2d 74, 78-79 (3d Cir. 1989). Nevertheless, because the claim is not one which can be asserted in a habeas corpus petition, it will be dismissed without prejudice.

## V. CONCLUSION

For the foregoing reasons, the Court concludes that petitioner has not presented evidence of an extraordinary circumstance warranting equitable tolling of the AEDPA statute of limitations. Thus, petitioner's objections are overruled and the habeas petition is dismissed with prejudice as untimely insofar as it challenges petitioner's conviction and sentence. Petitioner's claim that prison officials have obstructed his right of access to the courts through the lack of an adequate law library or legal assistance programs is dismissed without prejudice to petitioner's

9

right to seek relief under 42 U.S.C. § 1983, unless such relief is time-barred by the applicable statute of limitations.

<div style="text-align:center">**BY THE COURT:**</div>

/s/   **JAN E. DUBOIS**, **J**.
      **JAN E. DUBOIS, J.**